HOLT et al. v. ABBEY et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 13, 1911.)

1. APPEAL AND ERROR (§ 563*)—STATEMENT OF FACTS—COURT RULES.

Rules for district and county courts Nos. 90, 94 (67 S. W. xxvi, xxvii), as to preparation of the transcript, do not apply to the original statement of facts when sent up as part of the record under the direction of Act May 1, 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 39) § 6.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 563.*]

2. APPEAL AND ERROR (§ 563*)—STATEMENT OF FACTS.

No fraud or injury being alleged, it is no ground for striking out the original statement of facts when sent up as part of the record that a loose page is pinned in by way of completing the statement, after the rest had been securely fastened, and that there are erasures to prevent repetition.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 563.*]

Appeal from District Court, Parmer County; D. B. Hill, Judge.

Action between Mrs. R. M. Holt and others and W. H. Abbey and others. From an adverse judgment, the former parties appealed, and an appellee moves to strike out the statement of facts. Motion overruled.

T. C. Taylor, for appellants. Knight & Slaton and Carl Gilliland, for appellees.

PRESLER, J. This is a motion in the above-entitled and numbered cause by appellee Charles Lacy, filed in this court September 27, 1911, to strike out the statement of facts on the following grounds:

"(1) Because said statement of facts is not tied and sealed over the tie and with the seal of the district court as required by rule 90 for district and county courts.

"(2) Because said statement of facts is not authenticated by the clerk of the district court. The clerk has not certified that the statement filed herein is the original statement which was filed in the trial court, nor that it is one of the two copies which the law requires to be filed in the trial court, nor does he certify when it was filed in the district court, all of which is required to be done by the spirit of rules 90 and 94 (67 S. W. xxvi, xxvii) if not by their letter.

"(3) Because said statement contains loose sheets pinned in, not fastened at the upper end with any kind of a tie or fastening, as required by rule 90.

"(4) Because said statement of facts shows erasures and mutilations of a part of the facts in the case."

[1] Prior to the adoption of the act of the 31st Legislature, approved May 1, 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 39), and the preceding act of 1907 (Acts 30th Leg. [1st Ex. Sess.] c. 7), providing that the original statement of facts, as agreed to by parties, approved by the judge and filed in the case, should be sent up as a part of the record, the law required the statement of facts to be copied into the transcript and made a part thereof, and in our opinion rules 90 and 94, the application of which is here requested by the appellee, had reference only to the preparation of the transcript by the clerk of the court, which consisted in copying the record as made below and preparing it for transmission to the appellate court in the manner and form and subject to the requisites prescribed in said rules 90 and 94 for the district and county courts. We find from an inspection of section 6 of the act above referred to the following requisites prescribed as to the statement of facts: "The party appealing shall prepare, or cause to be prepared, a statement of facts in duplicate, which shall consist of the evidence adduced upon the trial, both oral and by deposition, stated in a succinct manner and without unnecessary repetition, together with copies of such documents, sketches, maps and other matters as were used in evidence. It shall not be necessary to copy said statement of facts in the transcript of the clerk on appeal but the same shall, when agreed to by the parties and approved by the judge, or in the event of a failure of the parties to agree and a statement of facts is prepared and certified by the judge trying the case, be filed in duplicate with the clerk of the court and the original thereof shall be sent up as a part of the record in the cause on appeal." In this case we find the direction of the statute to the appellant to have been fully complied with. From an inspection of the statement of facts in this cause we find that the same was agreed to by the parties, approved by the judge and filed in duplicate with the clerk of the court and the original thereof duly filed in this court, all of which appears from an inspec-

tion of the original statement of facts herein filed and the indorsement and file marks thereon, and we know of no law that would authorize us to hold that the requirements of rules 90 and 94 of the district and county courts, giving direction for the preparation of a transcript should be applied to the original statement of facts when sent up as a part of the record, under the direction of the act herein above quoted.

[2] Appellee under the third ground, as stated in its motion, to wit, "The statement of facts contains loose sheets pinned in and not fastened at the upper end with any kind of a tie or fastening," does not complain of any injury or fraud perpetrated on him because of the insertion of said loose sheets, but only complains that it does not comply with rule 90, above referred to. On an inspection of the statement of facts, we find that the top of the statement is fastened together with permanent brads, such as is usual in binding the sheets of written or printed instruments so that the same cannot be taken apart without breaking said fastening. That page No. 10-a appears to have been inserted in said statement of facts attached to and in front of page 10 after said statement had been fastened together, and that the same appears to have been inserted by way of completing the statement of the matters attempted to be set out on pages 9 and 10, and that the erasure complained of on page 10 by the fourth ground of objection urged by appellee was made to prevent unnecessary repetition of the same matter in the statement of facts, and it does not appear from reading this part of the statement of facts that because of said erasure that any part of the facts in the case are left out or that any fraud or injury has resulted to the appellee, and as above stated, he does not complain of any as the result of pinning in of said loose sheet or of said erasure.

We therefore conclude that there is no sufficient legal ground alleged in the motion upon which we would feel warranted in striking out the statement of facts, and that appellees' motion should be in all things overruled, and it is accordingly so ordered.