## McILROY v. STONE et al.

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1912. Rehearing Denied Feb. 10, 1912.)

1. APPEAL AND ERROR (§ 601*) — RECORD — STATEMENT OF FACTS.

The Court of Civil Appeals cannot consider the copy of the original statement of facts filed in the district court, though filed with papers in the case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2651–2653; Dec. Dig. § 601.*]

2. APPEAL AND ERROR (§ 560*) — RECORD — STATEMENT OF FACTS — STATUTORY PROVISIONS.

Acts 32d Leg. c. 119, prescribing the method of making up and filing statements of facts, contemplates that the original filed in the Court of Civil Appeals shall be intelligible, and the statement of the evidence therein connected and complete.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 560.*]

3. APPEAL AND ERROR (§ 655*)—STATEMENT OF FACTS—COURT RULES.

Rules for district and county courts Nos. 90 and 94 (67 S. W. xxvi, xxvii), as to the preparation of the transcript, do not apply to the statement of facts when sent up as a part of the record, since Act May 1, 1909 (Acts 31st Leg. [1st Ex. Sess.] c. 39), taking the statement of facts out of the transcript; and, in the absence of a rule prescribed by the Supreme Court, making rules 90 and 94 applicable to the preparation of statements of fact, the Court of Civil Appeals will not strike out a statement of facts, though negligently prepared.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 655.*]

4. FRAUDULENT CONVEYANCES (§ 159*) — KNOWLEDGE AND INTENT OF GRANTEE.

Mere knowledge of indebtedness and even of insolvency will not render a sale void as to creditors, unless the purchaser had notice of a fraudulent intent on the part of the debtor to hinder, delay, or defraud his creditors, or knowledge of such facts as would put a reasonably prudent man upon inquiry, under Sayles' Ann. Civ. St. 1897, art. 2544, providing that the article shall not affect the title of a purchaser for value, unless it appears that he

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

had notice of the fraudulent intent of his immediate grantor.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. §§ 506–517; Dec. Dig. § 159.*]

5. **APPEAL AND ERROR** (§ 1068*) — **HARMLESS ERROR—INSTRUCTIONS.**

Where the evidence, in an action to set aside a fraudulent conveyance, shows that the fraudulent intent existed, and that the purchaser had notice thereof, or knowledge of such facts as would have put him upon inquiry, or if a verdict setting aside the conveyance was the only proper verdict which could have been rendered thereon, error in failing to charge upon the question of the purchaser's intent and notice was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1068.*]

6. **FRAUDULENT CONVEYANCES** (§ 295*)—**SUFFICIENCY OF EVIDENCE.**

Evidence, in an action to set aside a conveyance as in fraud of creditors, *held* sufficient to sustain a verdict for plaintiff.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Dec. Dig. § 295.*]

Appeal from District Court, Hartley County; D. B. Hill, Judge.

Action by Ben H. Stone against W. C. Stone and J. H. McIlroy to enforce the payment of notes and to set aside a conveyance of Stone to defendant McIlroy. Judgment for plaintiff, and defendant McIlroy appeals. Affirmed.

Cooper, Merrill & Lumpkin, for appellant. Ben H. Stone and Clifford Braly, for appellee.

HALL, J. Ben H. Stone, appellee, instituted this suit against W. C. Stone, to recover the amount of three promissory notes executed by W. C. Stone to R. S. Stone, and indorsed and transferred by the payee to appellee, and also to set aside a conveyance of one-half section of land made by W. C. Stone to appellant on November 26, 1909; said conveyance alleged to have been made in fraud of W. C. Stone's creditors.

Both defendants being nonresidents of the state, a writ of attachment was levied upon the land in question. Upon a trial a verdict was rendered in favor of appellee against defendant W. C. Stone for full amount of the note sued upon, and against appellant, J. H. McIlroy, for the cancellation of the deed to the half section of land in question, with foreclosure of the attachment lien thereon.

Appellee has filed a motion to strike out the statement of facts, because (1) it is not indexed, as required by the rules; (2) the place where the testimony of any witness begins is not shown by marginal indication; (3) because the pages are not fastened together by ribbon or tape and sealed with the seal of the lower court, as required by rule 90 of the district courts (67 S. W. xxvi); (4) because it is fastened with adjustable brads, so that pages can be taken out and replaced at any time without tearing or scarring the record; (5) because there are two pages bearing the same number, which do not contain the same subject-matter; (6) that following page 8 are two pages numbered 9, and immediately following the last page numbered 9 is page 10, which begins in the middle of a sentence, the first part of the sentence not appearing, and the last page numbered 9 also begins in the middle of a sentence; (7) there is no page numbered 13 in the statement, and the page numbered 14 begins in the middle of a sentence, and does not connect with the page immediately preceding it; (8) there are two pages numbered 12 and no page numbered 15; (9) there is no page numbered 24 and two pages numbered 26.

[1, 2] The statement of facts filed by the clerk of this court is correctly described, as to its deficiencies, in the motion, and displays a degree of carelessness which should not be tolerated in the preparation of records on appeal. The certificate of the district clerk of Hartley county appears on the copy to the effect that there is now on file in his office a true and correct copy of said statement of facts. We find filed with the papers of the case what appears to be such copy of the original statement, with the file marks of said clerk upon it, which, however, we are not permitted to consider as part of the record of this cause. We have, however, compared the two, and we find that one is not a duplicate of the other in many particulars. There are two pages numbered 13 placed in the record out of their numerical order, only one page numbered 9, two pages numbered 15, out of their numerical order, no page numbered 24, two pages numbered 26, and two pages numbered 12. The act of the Thirty-Second Legislature (page 264) contemplates that the statement of facts filed in this court shall be a duplicate of that filed with the clerk of the trial court; and it is contemplated that the original filed in this court shall be intelligible, and the statement of the evidence therein connected and complete.

[3] We have held, in the case of Holt v. Abbey, 140 S. W. 473, that rules for the district and county courts Nos. 90 and 94 (67 S. W. xxvi, xxvii), as to the preparation of the transcript, do not apply to the statement of facts when sent up as a part of the record, since the act of the Legislature, taking the statement of facts out of the transcript, was passed. Our attention is directed to the case of M., K. & T. Ry. Co. v. Maxwell, 130 S. W. 727, in which Justice Key states that the reason underlying district court rule No. 90 (67 S. W. xxvi) is equally applicable to the making of the statement of facts. He, however, properly considered the statement of facts in that case. In the absence of a rule prescribed by the Supreme Court, making the requirements of rules 90 and 94, re-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

lating to the preparation of transcripts, also applicable to the preparation of statements of facts, we do not feel justified in striking out the statement in this case, but, on account of the loose manner in which it comes to us, we very reluctantly overrule, appellee's motion. There is nothing to guarantee the verity of such a statement of facts, except the probity and honesty of counsel in the cause. No charge of fraud is made in the motion, and any intimation of fraud is expressly disclaimed by appellee's counsel in presenting the motion, nor would any such charge be sustained by the record, but gross negligence in the preparation of the statement is clearly manifest. We reassert the admonition of Judge Key in the above-cited case.

[4, 5] Appellant's first assignment of error is urged to the third paragraph of the charge, which, in effect, instructs the jury that if they believe that at the date of the conveyance of the land in question from W. C. Stone to appellant and at the date of the conveyance by appellant to the wife of W. C. Stone of the Connor property, in Fayetteville, Ark., and of the mortgage given thereon by W. C. Stone and his wife to secure appellant for a $2,500 note, that W. C. Stone was insolvent, and that appellant, McIlroy, knew of such insolvency, if any, or had knowledge of the facts sufficient to put a man of ordinary prudence upon inquiry as to such insolvency of W. C. Stone, and such inquiry, pursued with a reasonable degree of diligence by McIlroy would have led to his knowledge of such insolvency, then that the jury should find for appellee, canceling the deed. The complaint made of this part of the charge, in the propositions following the assignment, is that the question of fraudulent intent on the part of Stone and appellant's knowledge of such fraudulent intent to hinder, delay, and defraud creditors is omitted. It is true that mere knowledge of indebtedness and even of insolvency will not render a sale void, unless the purchaser for value had notice of a fraudulent intent upon the part of the debtor to hinder, delay, or defraud his creditors, or knowledge of such facts as would put a reasonably prudent man upon inquiry. If the evidence shows the fraudulent intent existed in this case, and appellant had notice thereof, or had knowledge of such facts as would put him upon inquiry, or, to state it otherwise, if the verdict of the jury is the only proper verdict that could have been returned under 'the evidence, the error in failing to charge upon the question of intent and notice thereof becomes harmless, and. the judgment should be affirmed upon this issue. Article 2544, Sayles' Civil Statutes, is, in effect, that every conveyance or transfer of any real property, made with intent to delay, hinder, or defraud creditors of or from what they are or may be lawfully entitled to, shall, as to such creditors, be void, and provides that

the article shall not affect the title of a purchaser for valuable consideration, unless it appear that he had notice of the fraudulent intent of his immediate grantor.

[6] The record discloses that on November 26, 1909, W. C. Stone and wife, Emma C. Stone, residents of Channing, Tex., while on a visit to Fayetteville, Ark., conveyed to appellant the land in controversy for a recited cash consideration of $3,750. On the same day appellant and wife conveyed to the said Mrs. Emma C. Stone certain property located in Fayetteville, Ark., known as the Connor residence; on the same day Mrs. Emma C. Stone, joined by her husband, executed a mortgage to appellant upon the Connor residence to secure a note for $2,500 of even date with the mortgage. Said note was payable a year after date, and the mortgage recited that the Connor property was the separate property of Mrs. Stone. On the same day a written agreement was entered into between appellant and Mrs. Stone, reciting the transfer of the Connor place and the execution of the mortgage securing the debt of $2,500, "evidenced by her promissory note of even date with said mortgage for the difference in value of certain property transferred as part consideration by W. C. Stone and Emma C. Stone, his wife, in Hartley county, Texas, and the sum of $1,800 cash advanced by said party of the first part [appellant], said difference being $2,500, and out of the said $1,800 advanced, the party of the second part [Mrs. Emma C. Stone] agrees and binds herself to pay off any liens or judgments against W. C. Stone that is or will become liens upon said lands. It is distinctly agreed by and between the party of the first part and the party of the second part that the party of the first part is to retain $300.00 out of the $1,800 advanced, spend not to exceed the sum of $300.00 on improvements and expenses on said property as directed by the party of the second part, and if the said sum of $300.00 be not expended in full as aforesaid, any difference that might remain shall be applied as a credit upon said note of $2,500." On the same day another written agreement was entered into between appellant and Mrs. Emma C. Stone, whereby the latter was appointed the agent of appellant for a period of one year from the date of the contract, with authority to sell and dispose of the land in question; and it was provided that the land should be sold upon satisfactory terms to appellant at not less than $12 per acre, and that all amounts in excess of $3,355.60 realized from any such sale should constitute her commission, but should be paid over to appellant and credited upon the $2,500 note; that if the land was not sold within the year the agreement should become null and void in all particulars. Deeds from S. K. Stone, father of W. C. Stone, conveying certain lands, situated in Hartley county, Tex.; to the daughters of W. C. Stone, were intro-

duced in evidence, dated prior to the instrument alleged to be fraudulent and shown to have been made at the request of W. C. Stone, to whom the lands had been devised by S. K. Stone. Some of this land was valued at $19 per acre in a trade for merchandise at Altus, Okl. Appellee also introduced in evidence a deed from W. C. Stone and Mrs. Emma C. Stone, conveying the west half of the section of which the land in controversy is the east half to Mrs. A. M. Stone for a recited consideration of $1,800; also a deed from Mrs. A. M. Stone to Mrs. Emma C. Stone, conveying the same property; also a general warranty deed from W. C. Stone to his wife, Emma C. Stone, dated January, 1909, conveying lands, other than those described in plaintiff's petition, situated in Hartley county, Tex. Other written instruments were introduced, showing past-due, unpaid notes and obligations against W. C. Stone, sufficient to establish his insolvency on and prior to November 26, 1909. The record further shows that, at the time of the transaction claimed by appellee to be fraudulent, there was a default judgment against W. C. Stone, an abstract of which had been recorded in Hartley county and constituted a lien upon the land in question; that W. C. Stone was indebted to C. C. Connor, of Fayetteville, Ark., in the sum of $500, past due, of both of which debts appellant had notice prior to the deed. W. C. Stone's father had executed a will, devising to him three or four sections of land in Hartley county, which, at the request of W. C. Stone, the father conveyed to the three daughters of W. C. Stone, and this was also known to appellant. The conveyance mentioned above to Mrs. A. M. Stone was to the aged mother of appellant, who was an invalid, and had been for several years prior to the time of the transfer, and which she forthwith reconveyed to the wife of appellant; the consideration expressed in the deed of reconveyance being love and affection. It appears that W. C. Stone and his wife did not move to Fayetteville, Ark., and occupy the Connor residence as a homestead, but remained in Channing, occupying their home there until March, 1910, when they moved to Altus, Okl.; that appellant collected the rents from the Connor residence; that prior to the transaction W. C. Stone had told appellant that he was going to lose on the hotel, and, according to appellant's testimony, he knew it was common talk, and had probably heard Mrs. Stone say that "W. C. Stone had gone broke in this country." Mrs. W. C. Stone and the wife of appellant were sisters. Appellant and Stone had both resided in Fayetteville, Ark., for many years prior to the immigration of W. C. Stone to Texas, had had a great many business transactions, and it was the custom of Stone and wife to visit appellant's home in Arkansas two or three times a year. Stone had purchased a hotel at Channing, assuming $6,800 indebtedness then against it and past due, which he was not able to pay, of which appellant had notice prior to the alleged fraudulent transfer. It is claimed that W. C. Stone had used something like $8,000 of his wife's separate property, which had been given her, and which she had inherited from her parents, and the record shows that the transfer of the Connor residence, valued at $4,000, also a house and lot in Channing, a zinc mine in Arkansas, and other property, exceeding in value the amount of the debt, had been made by W. C. Stone to her just prior to the transaction in question, in an effort to reimburse her for the value of her property he had used.

Taken as a whole, the evidence is amply sufficient to support the verdict. The false statement of the consideration for the deeds executed on November 26, 1909, evidently made in anticipation of this suit, being a transfer of practically all of the property then held by W. C. Stone in his own name, the loan of $1,800 in money, the contemporaneous written agreement, reserving to Mrs. Stone the right to sell the property within a year and out of the proceeds to pay appellant $3,355.60, and the overplus, if any, to be credited on the $2,500 note, thus impressing the transaction more with the character of a loan and security therefor than a transfer, the immediate reconveyance to Mrs. Stone of the Connor residence, instead of conveying it to Stone himself, the relationship by marriage of the parties, their previous business and confidential relations, the nonresidence of the grantees in the instruments, and many other circumstances shown by the record, declared by the authorities to be badges of fraud, lead us to the conclusion that the fraudulent intent was present, and that appellant had actual notice thereof. The first assignment of error is therefore overruled.

What has heretofore been said in disposing of the first assignment disposes of the entire case, and appellant's remaining assignments of error are also overruled, and the judgment of the lower court is affirmed.